UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS GARCIA,                                Case No.: 8:24-cv-1609

         Plaintiff

v.

GEICO MARINE INSURANCE
COMPANY,

         Defendant.
_____/

**DISCLOSURE STATEMENT PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 7.1 AND LOCAL RULE 3.03**

Pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 3.03, Defendant, GEICO MARINE INSURANCE COMPANY, makes the following disclosure(s).

1. If the filer is a nongovernmental corporate party or a nongovernmental corporation that seeks to intervene, identify any parent corporation and any publicly held corporation owning 10% or more of its stock or state there is no such corporation:

   N/A.

2. If this is an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), name and identify the citizenship of every individual or entity whose citizenship is attributed to the filing party or intervenor: [To identify the citizenship of a partnership, LLC, or other unincorporated entity, a party must list the citizenships of all members or partners of that entity.[1]]

---

[1] See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Where a member of the party is also an unincorporated entity, its members must also be identified continuing on through however many layers of partners or members there may be. See Purchasing Power, LLC v. Bluestem

GEICO Marine Insurance Company is a citizen of Nebraska (place of incorporation) and Virginia (principal place of business).

3. Identify each person—including each lawyer, association, firm, partnership, corporation, limited liability company, subsidiary, conglomerate, affiliate, member, and other identifiable and related legal entity—that has or might have an interest in the outcome:

   (a).   GEICO MARINE INSURANCE COMPANY, Defendant

   (b).   WhiteBird, PLLC, counsel for Defendant

   (c).   Theodore L. Shinkle, Esq., counsel for Defendant

   (d).   Luis Garcia, Plaintiff

   (e).   Patrick Law Group, PA, counsel for Plaintiff

   (g).   Timothy A. Patrick, Esq., counsel for Plaintiff

4. Identify each entity with publicly traded shares or debt potentially affected by the outcome:

   N/A.

5. Identify each additional entity likely to actively participate, including in a bankruptcy proceeding the debtor and each member of the creditors' committee:

   None.

6. Identify each person arguably eligible for restitution:

   Plaintiff claims he is entitled to coverage under a marine insurance policy issued by the Defendant.

---

Brands, Inc., 851 F.3d 1218, 1220 (11th Cir. 2017); D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125-27 (1st Cir. 2011).

☒ I certify that, except as disclosed, I am unaware of an actual or potential conflict of interest affecting the district judge or the magistrate judge in this action, and I will immediately notify the judge in writing within fourteen days after I know of a conflict.

Respectfully submitted,

/s/ Ted L. Shinkle, Esq.
Ted L. Shinkle, Esq.
Florida Bar No.: 608051
Lead Counsel
WhiteBird, PLLC
2101 Waverly Place
Melbourne, FL 32901
321.327.5580
Email:
tshinkle@whitebirdlaw.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 8th day of July, 2024 that a true and correct copy of the foregoing was filed with the clerk of the court through the CM/ECF filing system which will, in turn, serve copies to counsel of record.

*/s/ Ted L. Shinkle, Esq.*
Ted L. Shinkle, Esq.